**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**In Re: R.S.**

**No. 15-0179** (Wood County 14-JA-65)

**FILED**

June 22, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Father A.S., by counsel Robin Bonovitch, appeals the Circuit Court of Wood County's January 28, 2015, order terminating his parental rights to R.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed a response and a supplemental appendix.[1] The guardian ad litem ("guardian"), Jessica Myers, filed a response on behalf of the child. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights prior to establishing that he was the child's biological father.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court erred in terminating petitioner's parental rights to R.S. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

In August of 2014, the DHHR filed a petition for abuse and neglect alleging that petitioner was thought to be R.S.'s father and that he had a history of committing domestic violence in front of R.S. and other children in the home, with the last incident occurring in May of 2013. The DHHR also alleged that petitioner failed to supervise R.S. and provide financial and emotional support to R.S. The circuit court held an adjudicatory hearing in October of 2014, during which

---

[1]The DHHR "disagrees that the circuit court below erred, but it agrees that the termination order should be reconsidered in light of the genetic testing results showing that petitioner is not R.S.'s biological father."

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed at the time of the lower court proceedings.

1

the circuit court acknowledged that petitioner was not properly served.[3] The circuit court ordered the DHHR "to do notice of publication in the Pittsburgh area and if petitioner makes an appearance then the adjudicatory [hearing] can be reopened." Subject to proper service on petitioner and requesting that the adjudicatory hearing be reopened, the circuit court found that the children were abused because petitioner subjected them to domestic violence.

The circuit court held a dispositional hearing in January of 2015.[4] After considering the evidence, the circuit court terminated petitioner's parental rights to R.S. The circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that petitioner had not seen R.S. for a year and a half. Subsequently, DNA test results proved that petitioner is *not* R.S.'s biological father. It is from the January 28, 2015, dispositional order that petitioner appeals.

> "'Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.' Syllabus Point 1, *In the Interest of: Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996)."

Syl. Pt. 1, *In re Faith C.*, 226 W.Va. 188, 699 S.E.2d 730 (2010). Upon our review, this Court finds that the circuit court erred in terminating petitioner's parental rights to R.S.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights prior to establishing that he was the child's biological father. We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an

---

[3]Petitioner did not attend the adjudicatory hearing, but he was represented by counsel at that hearing.

[4]Petitioner did not attend the dispositional hearing, but he was represented by counsel at that hearing.

appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). It is clear from the record before this Court that the circuit court failed to comply with the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and the related statutes. West Virginia Code § 49-6-5(a)(6) requires circuit courts to terminate the parental rights of the abusing parent "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." The circuit court's authority to terminate an individual's parental rights is dependent, in part, upon the fact that an individual is a parent and has parental rights. A parent is "an individual defined as a parent by law or on the basis of a biological relationship, marriage to a person with a biological relationship, legal adoption or other recognized grounds." W.Va. Code § 49-1-3(12). Here, the appendix record contains DNA test results that indicate that petitioner is *not* R.S.'s biological father. Further, the record is devoid of any evidence that petitioner was married to R.S.'s biological mother; legally adopted R.S.; or qualified as a guardian or custodian. Additionally, the record is devoid of any evidence that petitioner had any parental rights to R.S., which include custodial rights; visitation rights; and rights to participate in decisions affecting R.S. *See* W.Va. Code § 49-1-3(13). Importantly, the circuit court entered an order determining that another individual is R.S.'s biological father. The circuit court erred in terminating petitioner's parental rights to R.S., as petitioner was not R.S.'s parent and, thus, did not have any parental rights to R.S.

For the foregoing reasons, the portion of the circuit court's January 28, 2015, order that pertains to the termination of petitioner's parental rights to R.S. is vacated, and this matter is remanded with instructions to enter an order dismissing petitioner from any further proceedings in this case.[5]

Vacated, and remanded with directions.

---

[5]Although we reverse the portion of the circuit court's order involuntarily terminating petitioner's parental rights, inasmuch as he had no such rights to terminate, we note that petitioner did not challenge on appeal the circuit court's "uncontradicted" finding that he committed acts of domestic violence against R.S.'s mother in the presence of other children in the home. This history of domestic violence may remain part of the DHHR's records for the purpose of investigating any subsequent allegations of abuse and/or neglect against petitioner, should any such allegations be made.

**ISSUED**: June 22, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II